JAI M. GOHEL
ATTORNEY AT LAW

81 LAFAYETTE STREET
SAN FRANCISCO, CALIFORNIA 94103

FACSIMILE: 415.934.9400    TELEPHONE: 415.934.9000
e-mail: jai@gohelesq.com

March 22, 2004

Hon. Martin J. Jenkins
United States District Court Judge
450 Golden Gate Avenue
San Francisco, CA 94102

Re:  James Washburn v. SFPD Officer Alex Fagan, Jr., et al., No. C-03-869 MJJ
     Kevin Jordan v. SFPD Officer Alex Fagan, Jr., et al., No. C-03-119 MJJ

Dear Judge Jenkins:

In accordance with the Court's Order at the Status Conference on February 24, 2004, this letter outlines the discovery disputes between the parties from plaintiffs' perspective.

**1.  Disputed Discovery Requests**

Commensurate with the importance of this case to the citizens of San Francisco and relevant to plaintiffs' individual civil rights and Monell claims, plaintiffs have requested discovery within the following categories:
   (a) Named defendants' personnel records (citizen complaints, internal complaints, records of discipline and retraining, etc.)
   (b) Records related to other incidents in which defendant Fagan was involved (involving reported use of force, injuries to subjects, incidents where PC 148 or PC 243 charges were leveled, investigation of subjects suspected to be mentally disturbed or under the influence, off-duty assaults);
   (c) Psychological tests and evaluations of defendant Fagan;
   (d) SFPD and Academy policies, general orders, rules, bulletins, manuals, trainings, and hiring and termination criteria;
   (e) Documents related to supervision, discipline, and termination of officers since October 15, 1997 when the Complaint Early Warning System ("DGO 3.19") was implemented (such as higher review of use of force logs, OCC weekly morning reports, OCC quarterly reports and related documents, DGO 3.19 memos and action plans, DGO 3.19 performance reviews, DGO 3.19 performance improvement plans or "PIP's", and DGO 3.19 counseling sessions);
   (f) Documents related to the implementation and review of the Complaint Early Warning System itself; and
   (g) The identification of officers who did not complete probation, and related documents elucidating why, since the implementation of the Complaint Early Warning System.

The Federal Rules provide for broad discovery, and the definition of "relevant" evidence if also broadly construed.  See Fed. R. Civ. Pro. 26(b)(1); Soto v. City of Concord, 162 F.R.D. 603, 618 (N.D. Cal. 1995).  This broad standard can be described as allowing any evidence which appears reasonably calculated to lead to the discovery of admissible evidence.  Shoen v. Shoen, 5 F.3d 1289, 1295 (9th Cir. 1993).

Plaintiffs are entitled to the all personnel records of defendants (category (a)), as they bear directly on the negligent hiring, training, supervision and discipline claims in plaintiffs' complaints.  See,

e.g., Kelly v. City of San Jose, 114 F.R.D. 653, 666 (N.D. Cal. 1987); Soto, supra, 162 F.R.D. at 617. [1] These records are also admissible for the purpose of impeachment under Fed. R. Evid. 608(b) as specific instances of conduct probative of defendants' untruthfulness.  Additionally, these documents relate to prior misconduct or other crimes evidence which may be admissible under Fed. R. Evid. 404(b) as they relate to motive, intent, plan, knowledge, or absence or mistake or accident.  See Huddleston v. United States, 485 U.S. 681, 688-89 (1988) ("Rule 404(b) is not exclusionary).  Rather it permits the introduction of prior-crimes evidence unless the *sole* purpose for the offer is to establish the defendant's propensity for crime"; See also Ismail v. Cohen, 899 F.2d 183 (2d Cir. 1990) (no error in the admission of evidence that the defendant police officer had committed misconduct similar to that alleged in the case in an incident that occurred soon after the incident at issue).

Similarly, plaintiffs are entitled to discovery whether defendant Fagan filed other sworn, false reports alleging resisting arrest or battery on a police officer (category (b)) for three reasons: (1) as evidence of the SFPD's/City's failure to properly hire, train, supervise, or discipline police officers; (2) as Rule 404(b) evidence; and (3) as impeachment evidence.  See, e.g., United States v. Fortes, 619 F.2d 108 (1st Cir. 1980).

Plaintiffs' request for psychological records (category (c)) should be granted because they bear on the negligent hiring and supervision claims.  Indeed, there is a specific reference to defendant Fagan receiving behavioral counseling in his supervisor's memo regarding his threat to kill a civilian.

Plaintiffs are entitled to inspect the SFPD and Academy's policies, rules, regulations general orders, etc. (category (d)) because these documents set out the SFPD's written policies as they relate not only to the individual liability of the defendants in the wrongful arrests, uses of force, etc, but also to the plaintiffs' Monell claims. Plaintiffs counsel have inspected such records before; they are not voluminous, and fill less than one file box.  Moreover, these documents – along with many others which plaintiffs have requested  – are public records within the meaning of California's Public Records Act and the San Francisco Sunshine Ordinance.

Plaintiffs are entitled to information about the Complaint Early Warning System, including review and disciplinary record (categories (e) and (f)), because they bear directly on plaintiffs' Monell claims.  These records will be used to show that the SFPD routinely fails, as a matter of official practice, to follow up on citizen complaints, much less conform to the spirit or letter of its Complaint Early Warning System (DGO 3.19), or policies concerning the termination or discipline of probationary officers (category (g)).

### 2. Defendants' Responses

Defendants have responded to nearly every request by invoking various combinations of Attorney-Client and Work Product Privilege, Privacy, Official Information Privilege, burdensomeness, and irrelevance.  Their objections are baseless, and the privileges they invoke inapplicable –explicitly so, according even to the cases they themselves cite.  In apparent recognition of their groundless objections, they have gradually liberalized their position over the last four months, as if discovery in federal court were a game of negotiation and attrition.  Upon plaintiffs' request, defendants have begun to compile a privilege log, but it remains incomplete a month after they started it, and they still have not produced the documents they promised.  As a result of all this, plaintiffs have been forced to delay the start of depositions for months, to say nothing of all the extra time involved.

After extensive delay, defendants have agreed to provide the following documents and things (a) redacted versions of the personnel files of the named defendant officer's *only*, further limited in scope to complaints involving excessive force, illegal detention, false arrest or fabrication of evidence (where the SFPD's failure to discipline, generally, is probative of the Monell claims, and the records sought cannot

---

[1] The case law makes explicitly clear that plaintiffs are entitled to personnel records, and that defendants are supposed to have to fight even to obtain a protective order.   Defendants are obliged, when invoking official information privilege, to submit a declaration by an official who has personally reviewed the requested materials which includes, *inter alia*, a specific, factual recitation of the interests sought to be protected, and why a protective order would not prevent the alleged harm.  Kelly, supra 114 F.R.D. at 670.  But except as to personnel records – which defense counsel explicitly promised in open court they would produce, subject to a protective order – they have not submitted any such declaration.  And the declaration they did submit (by Lt. Charles Keohane) is mostly 'boilerplate', full of irrelevant citations to state law, which counsel for plaintiffs have encountered from the City Attorney's office in other cases, before they finally relented or were ordered to produce the records.  Plaintiffs therefore contend that defendants have waived their right to object on grounds of official information privilege.

possibly be voluminous, given defendant Fagan's short tenure on the force; (b) performance reviews, training duties and assignments as to the named defendants and the subject incidents only; (c) certain academy training materials given to named defendants only, sans hiring and firing criteria; (d) use of force logs arising out of the incidents in the complaints only; (d) "relevant" orders, bulletins, and manuals related to the incident alleged in the complaints only (where plaintiffs have asked to inspect such regs themselves to determine what is "relevant"); (e) only DGO 3.19 documents which relate to the named defendants and the subject incidents (where again, the Department's general failure to comply with its Complaint Early Warning System is directly probative of the Monell claims).  Finally, plaintiffs note that despite their concessions, such as they are, defendant still have not produced any of the documents they promised to give up.

**3.    Conclusion**

As the Court is aware, the common defendant in this case is Alex Fagan Jr., son of former SFPD Chief of Police Alex Fagan, who was a probationary officer with the San Francisco Police Department for a period of approximately 13 months, before he was indicted on felony assault charges in the "Fajitagate" incident.  In the wake of this scandal, numerous instances of brutality and abuse by defendant Fagan have come to light, illuminating – along with other cases involving rogue officers – an utter failure on the part of the SFPD to police itself.  After observing defendant Fagan Jr. threaten the life of an injured civilian while on duty, his direct supervisor wrote a memo to her superiors informing them that he had discipline problems, violent tendencies, and needed retraining.  Four months later, Officer Fagan Jr. provoked the Fajitagate incident.  Such failures are the basis for plaintiffs' Monell policy and practice claims in this case.

Thus, what might otherwise be deemed an overbroad discovery "fishing expedition" in a "typical" police civil rights case is, in these cases, clearly directed in good faith at a police agency dogged by specific, publicly reported evidence of systematic policy failures resulting in injuries to citizens, including plaintiffs in this case.  Moreover, plaintiffs' discovery requests are limited by defendant Fagan's short, 13 month tenure on the force, as well as by the 10/15/97 start date of the SFPD's Complaint Early Warning System (adopted in Departmental General Order 3.19) -- a system which has obviously failed the Department and the people of San Francisco.  This case represents the best opportunity to induce the SFPD to follow its own program of disciplining or terminating repeat-offender officers – but only if sufficient discovery of its failures can be had.

It is apparent that despite the clear dictates of the Federal Rules of Civil Procedure and §1983 litigation for wide and open discovery, the defendants are using the discovery process to frustrate and exhaust the plaintiffs, "lowballing" plaintiffs initially, and gradually and grudgingly making concessions on clearly discoverable items.  Such practice violates the principles of federal civil discovery, frustrates the remedial purpose of § 1983, and violates F.R.C.P. Rule 11.  Plaintiffs submit that defendants should be compelled to adhere to the liberal rules of federal discovery, so that this case can move forward.

Respectfully Submitted,

DENNIS CUNNINGHAM
HARRIET ROSS
BEN ROSENFELD
JAI  GOHEL


By:  JAI M. GOHEL
On behalf of all plaintiffs' counsel


cc:  Sean Connolly, Deputy City Attorney