| | |
|---|---|
| 1 | Harriet Ross, Esq. (SBN 025124) |
| | Attorney at Law |
| 2 | One Embarcadero Center, Suite 500 |
| | San Francisco, California 94111 |
| 3 | Telephone: (415) 775-3523 |
| | Facsimile: (415) 775-7491 |
| 4 | |
| 5 | Jai M. Gohel, Esq. (SBN 170782) |
| | 1111 Civic Drive, Suite 320 |
| | Walnut Creek, California 94596 |
| 6 | Telephone: (925) 274-2900 |
| | Facsimile: (925) 274-2910 |
| 7 | |
| 8 | Attorneys for Plaintiff: |
| | KEVIN ROY JORDAN |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES HENRY WASHBURN, JR. | CASE NUMBER: C-03-0869 MJJ (EDL) |
| Plaintiff, | C -03-1194 MJJ (EDL) |
| vs. | **(PROPOSED) ORDER RE: MOTION TO COMPEL DISCOVERY** |
| ALEX FAGAN JR., WALTER CONTRERAS, and CITY AND COUNTY OF SAN FRANCISCO, et. al. | [F.R.CIV.P. 37(a)] |
| Defendants, | |
| KEVIN ROY JORDAN, | |
| Plaintiff, | |
| vs. | |
| ALEX FAGAN, JR., JASON KRISTAL, and CITY AND COUNTY OF SAN FRANCISCO, et. al. , | |
| Defendants. | |

**(PROPOSED) ORDER RE: MOTION TO COMPEL**

Upon the motion of plaintiffs, and after submission of all pleadings, arguments, and a hearing upon this matter on August 10, 2004, good cause appearing, the following IS HEREBY ORDERED:

1. Defendants shall disclose and produce to plaintiffs all complaint documentation against any defendants, whether in the records of the Office of Citizen's Complaints or the Management Control Division of the SFPD, which relate to allegations against any defendant of excessive force, false arrest, false accusations, false reporting or use of sexual-orientation based slurs within 21 days of the date of this Order. These documents may be redacted of personal contact information of the defendant police officers or other law enforcement personnel.

2. Defendants shall report in writing to plaintiffs what methods and procedures are available to defendants to search SFPD Incident Reports authored by or involving defendant Alex Fagan Jr., and specifically whether it can be determined which of these reports involve charges against suspects for violations of California Penal Code sections 148 and 243 (resisting arrest or battery on a police officer) within 21 days of the date of this Order. Defendants are also to designate a person most knowledgeable regarding the ability to search these records within the SFPD within 21 days of the date of this Order.

3. Defendants shall disclose to the court, for *in camera* review, all psychological testing or counseling records of defendant Alex Fagan Jr. within the custody or control of defendant City and County of San Francisco within 21 days of the date of this Order.

4. Defendants shall also disclose and produce to plaintiffs, all SFPD bulletins from the date of August 1, 2001 to August 1, 2002 within 21 days of the date of this Order.

5. Defendants shall provide a list or outline of all SFPD training manuals and courses within 21 days of the date of this Order. Thereupon, plaintiffs shall request which specific materials that they request to have copied and produced to plaintiffs. With respect to SFPD Academy training materials, courses, rules, and hiring/firing criteria, during 2001 and 2002, defendants shall determine if an outline of these items is available within 21 days of this Order. If such an

outline is not available, the parties shall expeditiously meet and confer to arrange for another means for plaintiffs to be able to request specific SFPD Academy items to be produced by defendants.

6. Defendants shall disclose to plaintiffs the number of SFPD officers since the inception date of implementation of the Complaint Early Warning System (1997) who have been terminated for the stated reason that they failed to complete their probationary officer status within the required time period.

The aforementioned documents shall be produced to plaintiffs by defendants subject to a protective order agreed upon by the parties, modeled after the court's model protective order. The parties shall submit the proposed stipulated protective order to the Court no later than September 13, 2004.

7. Defendants shall disclose to plaintiffs, all SFPD General Orders and Manuals in effect in the year 2001 and 2002 within 21 days of the date of this Order, and plaintiffs will thereupon designate a subset of these materials for production and copying by defendants.

All of plaintiffs' remaining discovery requests made in its Motion to Compel were considered by the Court and are HEREBY DENIED without prejudice, on the grounds that they were overbroad and/or unduly burdensome, or were not proportionate discovery requests pursuant to the dictates of Federal Rule of Civil Procedure 26(b).

All disclosures and productions mandated by this Order are subject to the preservation of the objections by defendants, and all discovery requests denied by this Order are subject to the preservation of the objections by plaintiffs.

With respect to the protective order entered on the record in this case, there shall be no "attorney's eyes only" designation for documents without leave of court. Further, the protective order is not meant to protect documents that are publicly available. The parties arecautioned that unnecessary over-designation of documents as confidential may result in sanctions.

**(PROPOSED) ORDER RE: MOTION TO COMPEL** - 3 -

1 **IT IS SO ORDERED.**

2 Dated: September 3, 2004

3 _/electronic signature authorized/____
ELIZABETH D. LAPORTE
4 United States Magistrate Judge