IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES H. WASHBURN JR., <br><br> Plaintiff, <br><br> v. <br><br> ALEX FAGAN JR., WALTER CONTRERAS, and CITY AND COUNTY OF SAN FRANCISCO, et. al., <br><br> Defendants. / | No. C-03-00869 MJJ (EDL) <br> No. C-03-1194 MJJ (EDL) <br><br> **ORDER ON DISCOVERY DISPUTES ARISING IN DEPOSITION OF ALEX FAGAN** |
| KEVIN ROY JORDAN, <br><br> Plaintiff, <br><br> v. <br><br> ALEX FAGAN, JR., JASON KRISTAL, and CITY AND COUNTY OF SAN FRANCISCO, et. al., <br><br> Defendants. / | |

On November 17, 2005, the parties contacted the Court regarding discovery disputes that arose just before the deposition of Alex Fagan Jr. commenced. Civil L.R. 37-1(b). The primary issues were whether the deposition should be videotaped and, if so, whether the videographer should be disqualified. The Court held a telephonic conference regarding the parties' dispute.

Defendants' objected that the deposition notice regarding videotaping was untimely because it was served by mail and by facsimile on November 14, 2005. After Judge Jenkins ordered that this deposition take place within three weeks from November 1, 2005, the parties worked to agree on a date, and on

1  November 11, 2005, finally agreed on November 17, 2005.  Under those circumstances, Plaintiffs'
2  deposition notice faxed on November 14, 2005 was timely.
3       Further, Defendants' objection that the deposition videographer, who has worked for Plaintiffs as
4  an investigator, was an interested party and therefore should be disqualified under Federal Rule of Civil
5  Procedure 28(c) is overruled.  6 James Wm. Moore, et al., Moore's Federal Practice, § 28.10 at 28-8
6  (3d ed. 2004) ("If, in addition to a court-reported stenographic record, the deposition is also recorded by
7  sound or sound-and-visual means, the person making the nonstenographic record is not the person "taking"
8  the deposition because he or she does not administer the oath and is not responsible to certifying the
9  accuracy of the record.  In these circumstances, the person making the nonstenographic record is not
10 subject to disqualification for interest under Rule 28(c) and thus need not be independent of the parties or
11 counsel.").  As the Court instructed, the videographer should, of course, videotape the deposition in a fair
12 manner, and the Court assumes that he will do so.  If not, Defendants may seek an order restricting use of
13 the videotape at trial.

14 **IT IS SO ORDERED.**

15 Dated: November 18, 2005

                    *Elizabeth D. Laporte*
16                   ELIZABETH D. LAPORTE
                  United States Magistrate Judge

United States District Court
For the Northern District of California

2