United States District Court<br>For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES H. WASHBURN JR.,<br><br>    Plaintiff,<br><br>  v.<br><br>ALEX FAGAN JR., WALTER CONTRERAS, and CITY AND COUNTY OF SAN FRANCISCO, et. al.,<br><br>    Defendants.<br>_____/<br>KEVIN ROY JORDAN,<br><br>    Plaintiff,<br><br>  v.<br><br>ALEX FAGAN, JR., JASON KRISTAL, and CITY AND COUNTY OF SAN FRANCISCO, et. al.,<br><br>    Defendants.<br>_____/ | No. C-03-00869 MJJ (EDL)<br>No. C-03-1194 MJJ (EDL)<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO COMPEL DEFENDANT FAGAN'S ANSWERS AT DEPOSITION AND VACATING MARCH 14, 2006 HEARING** |

On November 1, 2005, Judge Jenkins gave Plaintiffs leave to conduct Defendant Alex Fagan Jr.'s deposition no later than November 23, 2005. Plaintiffs took Mr. Fagan's deposition on November 17, 2005. During the deposition, defense counsel instructed Mr. Fagan not to answer certain questions relating to the detention and arrest of James Smith in September 2002 because counsel believed those questions were beyond the scope of the deposition. On January 26, 2006, Plaintiffs' filed a motion to compel, seeking responses to the unanswered deposition questions. Defendant opposed this motion. Plaintiffs chose not to file a reply even though the clerk's notice

setting the hearing on their motion gave them the opportunity to do so. Because this matter is appropriate for decision without oral argument, the hearing scheduled for March 14, 2006 is vacated.

Plaintiffs' motion to compel suffers from procedural defects that, in combination, justify denial of the motion. First, there is no indication that the parties engaged in meaningful meet and confer discussions before Plaintiffs filed this motion. Plaintiffs argue that the colloquy between counsel on the record at the deposition should be construed as an "expedited attempt to meet and confer," and that the colloquy shows that no further meet and confer would be fruitful. Gohel Decl. ¶¶ 2-3. Far from showing that no further meet and confer would be fruitful, the discussion on the record consisted of each party simply stating its position. There was no attempt to compromise, which is the focus of the meet and confer process. See Civil L.R. 1-5(n) (requiring direct dialogue and discussion during meet and confer sessions). Moreover, even if the discussion on the record constituted adequate meet and confer, there is no indication that the parties met and conferred about every question to which Plaintiffs now seek an answer. Furthermore, Plaintiffs have provided no explanation as to why they did not engage in the meet and confer process during the two months between the deposition and the filing of this motion.

Second, Plaintiffs' brief in support of the motion is inadequate. The filing does not contain any points and authorities (except a citation to Federal Rule of Civil Procedure 37(a)(2) as authority for bringing this motion). Civil L.R. 7-2(b)(4) (requiring points and authorities). The motion itself is less than one page long.

Third, Plaintiffs did not file this motion in a timely manner. The deposition took place on November 17, 2005, and the Certificate of Reporter on the deposition transcript is dated November 28, 2005. Yet Plaintiffs did not file this motion until January 26, 2006. Plaintiffs argue that a motion was not filed sooner "based upon the Court's resolution of the pending summary judgment motion." The fact that a summary judgment motion was under submission, however, cuts the other way. Although the discovery rule requiring motions to compel to be filed within seven days of the discovery cutoff date (Civil L.R. 26-2) does not directly apply to this discovery, which was court-ordered and occurred well after the cutoff date, it illustrates the policy against undue delay in filing discovery motions. Plaintiffs unreasonably delayed in filing this motion by waiting more than two

2

months after the discovery event. See, e.g., 8A Wright, Miller & Marcus, Federal Practice and Procedure, § 2285 (2d ed. 1994) (Supp. 2005) ("If the moving party has unduly delayed, the court may conclude that the motion [to compel] is untimely.").

Accordingly, on these procedural grounds, Plaintiffs' motion to compel is denied.

**IT IS SO ORDERED.**

Dated: March 10, 2006

ELIZABETH D. LAPORTE
United States Magistrate Judge